IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**RAYCO DISTRIBUTORS, INC.;**                                                      **PLAINTIFFS**
**DOUGLAS RAYBURN; AND JERE RAYBURN**

**v.**                                                            **CIVIL ACTION NO. 2:10cv158-MTP**

**ENTREPRENEUR SPORTING TECHNOLOGIES, LLC;**          **DEFENDANTS**
**STEPHEN G. DEAN; AND JOHN AND JANE DOES 1-5**

## ORDER

Presently before the Court is a [19] Motion to Dismiss With Prejudice, with supporting brief [20], filed by Defendants Entrepreneur Sporting Technologies, LLC ("EST") and Stephen G. Dean ("Dean"). Pursuant to an [25] order, Plaintiffs (collectively referred to herein as "Rayco" unless otherwise identified) [26] responded to the motion, and Defendants have [28] replied. Having reviewed the motion, the response, the reply, as well as all matters made a part of the record of this case and the applicable law, the Court finds that the [19] motion should be granted in part and denied in part.[1]

This cause of action was commenced in the Circuit Court of Walthall County on May 6, 2009 and removed to this Court on June 25, 2010. Because of this passage of time, the state court record [2] contains more than the usual amount of activity seen in litigation before it is removed to federal court. This includes an answer to the original complaint, [2] at p. 23; a motion to dismiss with prejudice, *id.* at 46; a motion for stay of discovery pending ruling on the

---

[1] Dean also filed a [35] Motion to Stay Discovery "pending a ruling on Defendants' Motion to Dismiss." The [35] motion to stay is premised in part on the notion that Dean is an improper Defendant. In light of the Court's disposition of the dismissal request as to Dean, the motion to stay will be denied.

motion to dismiss, *id*. at 64; Plaintiffs' response to the motion to dismiss, *id*. at 68; Plaintiffs' response to the motion to stay discovery, *id*. at 91; an order granting the motion to stay discovery pending ruling on the motion to dismiss, *id*. at 79; a reply to the response to the motion to dismiss, *id*. at 81; Plaintiffs' motion for leave to file first amended complaint, *id*. at 96; an order on the motion to dismiss and the motion to file amended complaint, *id*. at 131;[2] the first amended complaint, *id*. at 134; and the answer to the first amended complaint, *id*. at 149 (*see infra* note 3).

This recitation requires the Court to address another preliminary legal detail. Defendants predicate their current [19] motion on Fed. R. Civ. P. 12(b)(6); however, because Defendants have submitted a responsive pleading in the form of their answers to first amended complaint,[3] Fed. R. Civ. P. 12(c)[4] is the appropriate vehicle for the Court's consideration.[5]

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002), sets forth several statements applicable to a motion for judgment on the pleadings:

> A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by

---

[2]This order reserved ruling on the motion to dismiss "to allow the Plaintiffs to file an Amended Complaint to add an additional defendant and to allow the parties to conduct limited discovery pertaining to the statute of limitations issue, as follows: (a) completion of written discovery; and (b) deposition of a representative of the Defendant." This abeyance gave Defendant the option "to renew and/or amend, as necessary, its Motion to Dismiss after limited discovery. . . is completed."

[3]Dean's [3] answer was filed in this Court; EST filed its answer to the amended complaint in state court.

[4] "**Motion for Judgment on the Pleadings**. After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."

[5]"A motion asserting any of these defenses [including 12(b)(6) (failure to state a claim upon which relief can be granted)] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). *See* Fed. R. Civ. P. 7 (designating pleadings allowed).

> looking to the substance of the pleadings and any judicially noticed facts . . . [T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief . . . Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain . . . The [district] court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief . . . In analyzing the complaint, we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . We will not, however, accept as true conclusory allegations or unwarranted deductions of fact . . . The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.

*Id.* at 312-13 (internal quotations, citations, and paragraph break omitted).[6] In the 12(b)(6) context, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), is instructive: "Here, . . . , we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Defendants pose four reasons in support of their request for dismissal with prejudice: Plaintiffs' claims are time-barred; the breach of contract claim is based on a memorandum of understanding, not a contract; Plaintiffs terminated the memorandum of understanding and released all claims in 2005 pursuant to a Letter Agreement;[7] and Plaintiffs fail to plead fraud with particularity. Alternatively, they seek dismissal of the individual claims of Plaintiffs Douglas Rayburn and Jere Rayburn, as well as those against Defendant Dean. Except to a limited extent, the record does not allow the Court to reach a conclusion on these four principal grounds or with

---

[6]The *Great Plains* decision, like others, recognizes that the Rule 12(b)(6) and 12(c) standards are the same. 313 F.3d at 313 n.8. *See, e.g., Frohn v. PCNB Corp.*, 2010 WL 1416186, at *1 (S.D. Miss. 2010).

[7]Defendants offer alternative positions, i.e., that they are entitled to judgment as a matter of law whether the Memorandum of Understanding is or is not a contract. This makes the Court's analysis even more problematic from both a factual and legal standpoint.

3

respect to claims against Dean.

To describe the record as less than ideal is understatement. Defendants would have the Court restrict itself to the pleadings, and object to Plaintiffs referring to answers to interrogatories in their response to the motion to dismiss. Yet the Court could resort to Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). By the same token, Defendants did not avail themselves of Fed. R. Civ. P. 12(e) with respect to insufficiency of pleading:

> **Motion for More Definite Statement**. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Defendants were able to submit responsive pleadings and file the instant motion.[8]

Defendants attempt to wrap the amended complaint in a neat package encompassing what they claim are all the facts at issue, and, while accusing Plaintiffs of doing the same, make several conclusory sweeping statements of their own. However, liberally construing the pleadings the Court cannot say that there are no disputed issues of fact (with only questions of law remaining) based on the current record. This is enough to prevent the drastic remedy of dismissal with prejudice.

---

[8]Because Defendants did not file a motion for a more definite statement, the Court will not fashion one for them.

For example, Defendants argue that the memorandum of understanding is not a contract, *see supra* note 7, although that document, which is not assignable without EST's prior written consent, refers to terms and conditions under which the parties are to act and the subsequent letter agreement indicates that obligations existed between the parties as a result of it. Indeed, the original agreement refers to obligations on the part of the corporate Plaintiff.

The Mississippi Supreme Court has recognized:

The elements of a valid contract are: (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation. A contract is unenforceable if the material terms are not sufficiently definite. Price is an essential term that must be stated with specificity. The contract fails when the price has not been stated with specificity.

When examining a contract, a court should first examine the four corners of the contract to determine how to interpret it. If the language in the contract is clear and unambiguous the intent of the contract must be effectuated. Vagueness and ambiguity are more strongly construed against the party drafting the contract. Only when the intent of the parties is not clear the Court should then resort to extrinsic evidence.

*Rotenberry v. Hooker*, 864 So. 2d 266, 270 (Miss. 2003) (internal quotations and citations omitted). *See generally Mid-Continent Telephone Corp. v. Home Telephone Co.*, 319 F. Supp. 1176, 1191 (N.D. Miss. 1970) (discussing conduct indicating formation of binding contract); *Harris v. Harris*, 988 So.2d 376, 378 (Miss. 2008) (rules of contract interpretation).

Whether there is a contract or not is a question of law for determination by the Court. At this stage of the proceedings, there appears to be little doubt that the parties executed a contract. *See* discussion *infra*. However, the Court finds that more evidence is required with respect to the circumstances surrounding this document and any associated with it. These are matters of proof, not pleadings. Even the case cited by Defendants to attempt to establish that there is no contract

was decided upon a summary judgment standard.[9]

With respect to the individual liability of Stephen G. Dean, Defendants cite one case, *Turner v. Wilson*, 620 So. 2d 545 (Miss. 1993), and refer to specific pages of that decision for the proposition that an authorized agent for a disclosed principal cannot be liable for the acts of the agent's corporate principal.[10] However, the actual language in the opinion expands on that general notion. Indeed, while recognizing the general rule that "individual liability of corporate officers or directors may not be predicated merely on their connection to the corporation," *id.* at 548, the court went on to recognize that individual liability can be founded on individual wrongdoing. *Id.* Interestingly, *Turner* was appealed following a trial on the merits.

Plaintiffs allege that the original document was prepared by Dean, who is a lawyer and

---

[9]*Knight v. Sharif*, 875 F.2d 516 (5th Cir. 1989). It should be emphasized that the language in the Memorandum of Understanding in the instant case provides that "EST and RAYCO have conducted negotiations and discussions on these matters and have reached a general agreement on the terms under which each of them will contract to achieve these objectives. THEREFORE, in order to memorialize the terms and conditions of this general agreement, EST and RAYCO do hereby execute a Memorandum of Understanding as follows: . . ." That it was further provided that "[s]hould either EST or RAYCO deem it expedient or desirable to do so, these parties will execute, at a later date, a detailed agreement based on these terms and conditions, and embodying the spirit and letter of this Memorandum of Understanding" and that "[a]ny additional provisions incorporated into that later agreement will be such as may be mutually agreed upon by the parties for clarification and expansion of these terms and conditions" does not change the fact that the Memorandum of Understanding contains certain definite terms and conditions, and it could be said that additional provisions would merely serve as amendments.

[10]In the Amended Complaint, "Rayco demands judgment of, from and against EST, its officers, employees, servants and agents, and Dean, individually, in an amount sufficient to compensate Rayco for its damages and other losses as a direct and proximate result of the fraud, breaches and other actions of said Defendants." As the contract is between Rayco and EST, Dean could not breach it. To the extent a breach of contract claim is asserted against him, it will be dismissed. His alleged fraud and other actions remain viable for the time being. It is time for this case to proceed on a course of trial preparation rather than continue as a pleadings contest.

former partner in EST, and was required in order for a business relationship to exist.  Dean is also charged with exerting pressure on and concealing information from Plaintiffs in order to get them to execute the subsequent Letter Agreement and improperly release the original agreement.[11]  Plaintiffs claim that they were forced to take this step as the only way to continue a business relationship with Defendant Entrepreneur, and the amended complaint additionally avers that Rayco and EST maintained a business relationship after this subsequent Letter Agreement.  While it may be determined ultimately that Dean was serving only as an agent for a disclosed principal, Rayco's allegations are sufficient for Rayco to go forward at this time against Dean. Rayco may not have a direct breach of contract claim against Dean, but the Court declines to dismiss claims against him for alleged individual wrongdoing based on this limited record.

Plaintiffs do not address the part of the motion to dismiss aimed at the claims of the individual Plaintiffs.  In the amended complaint the individual Plaintiffs seek damages for mental and emotional distress.

In *Jordan v. United States Fidelity and Guaranty Co.*, 843 F. Supp. 164 (S.D. Miss. 1993), the principal of an electrical contractor demanded damages for severe emotional distress and injury to his reputation arising from a contract between the principal's company and an insurer.  In dismissing these individual claims, the Court recognized the following applicable principles:

> In Mississippi, an action to redress injuries to a corporation, whether arising in contract or in tort cannot be maintained by a stockholder in his own name, but must be brought by the corporation because the action belongs to the corporation and not the individual stockholders whose rights are merely derivative . . . even though the complaining stockholder owns all or substantially all of the stock of the corporation.  An exception to this rule arises where the stockholder seeks damages for the violation of a duty owed

---

[11]It appears that Dean signed this subsequent agreement on behalf of the chief executive officer.

>    directly to him, but the exception comes into play only where the wrong itself amounts to a breach of the duty owed to the stockholder personally. The exception has no application merely because the acts complained of resulted in damage both to the corporation and to the stockholder.
>
>    Though [the principal] was a named insured under the [insurance] policy, this suit does not involve the breach of duties owing to [the principal] as an insured. Rather, the claims in this action concern alleged breaches of duties owed to the corporation and seek to redress a wrong allegedly done solely to the corporation.

*Id*. at 175 (internal quotations and citations omitted). *See also Howell Steel Co. v. Trustmark National Bank*, 666 F. Supp. 930, 932 (S.D. Miss. 1987) ("[T]he only injuries charged by the [shareholders] were caused by Trustmark's alleged breach of contracts existing between Howell Steel and Trustmark, together with the duties associated therewith, including the duty to act in a commercially reasonable manner and in good faith toward Howell Steel. The only 'duty' which the [shareholders] contend was owed by Trustmark was a duty to Howell Steel. They have failed to demonstrate any duty which Trustmark owed them directly. Consequently, the court concludes that the [shareholders'] claims are clearly derivative of Howell Steel's.").

The same analysis applies in the instant case. As discussed previously, this cause of action is primarily based on an alleged breach of a contract between Rayco and EST. The individual plaintiffs do not identify any duty flowing to them from this relationship in their individual capacity. The basis of the suit is a wrong to Rayco, and the individual plaintiffs' rights are merely derivative. Therefore, the individual claims do not survive.

This Court is not deciding whether Rayco will ultimately prevail on any of its claims against any of the Defendants or, in fact, if any or all of those claims are barred. A judgment favorable to Defendants may be appropriate later–either via a properly supported motion for summary judgment or a trial–but not now. Based on the applicable standard and the need for

further development of the record, the Court merely concludes that Defendants are not entitled to a judgment on the pleadings resulting in wholesale dismissal with prejudice.

**IT IS, THEREFORE, ORDERED:**

Defendants' [19] Motion to Dismiss With Prejudice is **GRANTED IN PART** and **DENIED IN PART**.  It is granted to the extent that the claims of the individual plaintiffs Douglas Rayburn and Jere Rayburn are hereby dismissed.  It is also granted as to breach of contract claims against Defendant Stephen G. Dean, but not as to claims of individual wrongdoing on his part.  It is denied in all other respects.

Defendant Stephen G. Dean's [35] Motion to Stay Discovery is **DENIED**.

**SO ORDERED** this the 12th day of August, 2011.

s/ Michael T. Parker<br>United States Magistrate Judge