IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**RAYCO DISTRIBUTORS, INC.;**   **PLAINTIFFS**
**DOUGLAS RAYBURN; AND JERE RAYBURN**

v.   CIVIL ACTION NO. 2:10cv158-MTP

**ENTREPRENEUR SPORTING TECHNOLOGIES, LLC;**   **DEFENDANTS**
**STEPHEN G. DEAN; AND JOHN AND JANE DOES 1-5**

### ORDER

Presently before the Court is Defendants' [30] Motion to Strike Plaintiffs' Expert Designation. For the reasons discussed below, this motion will be granted.

The [8] Case Management Order established January 10, 2011 as the expert designation deadline. Plaintiffs designated their expert on June 1, 2011. *See* docket entry [29].[1]

Defendants, citing *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990),[2] offer several valid arguments in support of their [30] Motion to Strike Plaintiffs' Expert Designation. These arguments include: no explanation for the tardy designation; Defendants relied on Plaintiffs' failure to timely designate experts and did not designate any of their own, thereby resulting in prejudice to them; and the [29] designation was not accompanied by a report.[3] Because of Plaintiffs' silence in not responding to the motion, the Court must accept Defendants' position as

---

[1] Although the [8] Case Management Order was amended, *see* docket entry [16], the expert designation deadline of January 10, 2011 remained unchanged.

[2] *Geiserman* discusses the factors in excluding evidence not properly designated: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." 893 F.2d at 791.

[3] *See* Fed. R. Civ. P. 26(a)(2)(B).

to the importance of the testimony.[4]  In addition, "[b]ecause of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance."  *Hamburger v. State Farm Mutual Automobile Insurance Co.*, 361 F.3d 875, 884 (5th Cir. 2004) (also observing that "the failure to satisfy the rules would never result in exclusion, but only in a continuance").  All these reasons warrant exclusion of Plaintiffs' expert.

Moreover, Plaintiffs failed to respond or request an extension of time to serve a response to this particular motion.  The time for a response has long since expired.  *See* L. U. Civ. R. 7(b)(3)(E) ("If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed.").

**IT IS, THEREFORE, ORDERED:**

Defendants' [30] Motion to Strike Plaintiffs' Expert Designation is **GRANTED**.

**SO ORDERED** this the 12th day of August, 2011.

s/ Michael T. Parker<br>United States Magistrate Judge

---

[4]As Defendants point out, without a report they (and by implication the Court) are limited "to the extent [they] can evaluate what Plaintiff's expert's testimony will be." [31] at p. 2.